## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **Jozsef Imre & Monika Imre**, *Plaintiffs*, | X<br>X<br>X |
| v. | X<br>X  Case No. |
| **Alejandro Mayorkas**, Secretary, Department of Homeland Security; **Tracy Renaud** Acting Director, U.S. Citizenship and Immigration Services, *Defendants*. | X<br>X<br>X<br>X<br>X |

### COMPLAINT SEEKING REVIEW OF FINAL AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT AND ALTERNATIVE REQUEST FOR ISSUANCE OF WRIT OF MANDAMUS

To the Honorable Judge of Said Court:

### I. INTRODUCTION

This action is brought by Plaintiffs to request that this Court exercise its authority to review a Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485"). Each Plaintiff filed a Form I-485 with United States Citizenship and Immigration Services ("USCIS") and these requests were denied via decisions dated June 18, 2019. Were the agency to vacate its decisions and reopen the administrative proceedings, Plaintiffs would request that this Court compel Defendants to adjudicate the Forms I-485 within a reasonable time period thereafter.

## II.  PARTIES

1. That the Plaintiff, **Jozsef Imre (A 200-468-819)**, is a native and citizen of Hungary.

2. That the Plaintiff, **Monika Imre (A 200-468-820)**, is a native and citizen of Hungary.

3. That the Defendant, **Alejandro Mayorkas**, is the Secretary of the Department of Homeland Security.  In this capacity, he is responsible for the administration and enforcement of the Immigration and Nationality Act as set forth at 8 U.S.C. §1101 *et seq*.  Defendant Mayorkas is being sued in an official capacity.

4. That the Defendant, **Tracy Renaud**, is the Acting Director of USCIS, an agency of the United States government involved in the acts challenged in this action.  Defendant Renaud is being sued in an official capacity.

## III.  JURISDICTION

5. That jurisdiction is conferred by 5 U.S.C. §704.  Plaintiffs are aggrieved by adverse final agency action in this case, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq*.

6. That this is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to

Plaintiffs, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiffs.

7. That the aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

8. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. § 504 and 28 U.S.C. §2412(d), *et seq*.

## IV.  VENUE

9. That venue is proper in Tampa, Florida, and the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C §1391(e) because Plaintiffs reside in Sarasota County, Florida, within the territorial limits of the Tampa Division.

## V.  REMEDY SOUGHT

10. That Plaintiffs seek judicial review of Defendants' June 18, 2019 denials of Plaintiffs' Forms I-485 pursuant to the Administrative Procedure Act ("APA"). 5 U.S.C. §706(2). Were Defendants to vacate the agency's denials, Plaintiffs seek aid from the Court to compel Defendants to adjudicate said application within a reasonable time period thereafter.

## VI.  CAUSE OF ACTION

11. That Plaintiff Jozsef Imre ("Jozsef") is a native and citizen of Hungary.

12. That Plaintiff Monika Imre ("Monika") is a native and citizen of Hungary.

13. That Jozsef and Monika were married in 1996 in the United States.

14. That on or about March 22, 2017, a Form I-130, Petition for Alien Relative ("Form I-130"), was filed with USCIS on behalf of Jozsef and Monika seeking to classify each Plaintiff as an "immediate relative" as defined at 8 U.S.C. §1151(b)(2)(A)(i) as the parent of a citizen of the United States. These Forms I-130 were filed on behalf of Plaintiffs by Zsofia Imre.

15. That concomitantly with the submission of the aforementioned Forms I-130, each Plaintiff submitted a Form I-485 seeking "adjustment of status" to that of an alien lawfully admitted for permanent residence as set forth at 8 U.S.C. §1255(a).

16. That Jozsef's Form I-485 was assigned receipt number MSC 17-909-49799.

17. That Monika's Form I-485 was assigned receipt number MSC 17-909-49802.

18. That Plaintiffs appeared for an interview before the USCIS Field Office in Tampa, Florida on October 4, 2017 for an interview associated with each respective Form I-485.

19. That on April 30, 2019, Defendants issued a Notice of Intent to Deny ("NOID") informing each Plaintiff that he/she was inadmissible to the United States in violation of 8 U.S.C. §1182(a)(6)(C)(i) based on the

agency's allegation of fraud or a willful misrepresentation of a material fact.

20. That according to the NOID, the agency posited that Jozsef had allegedly committed fraud or made a willful misrepresentation of a material fact when he and Monika previously sought adjustment of status through an offer of employment made to Jozsef.

21. That Defendants' allegation of fraud or a willful misrepresentation was based upon a fraudulent document purportedly issued by the U.S. Department of Labor.  According to the NOID, USCIS had conducted an independent verification and determined that this alleged correspondence from the U.S. Department of Labor letter was fraudulent.

22. That Plaintiffs responded to the NOID, arguing that neither engaged in any fraud or material misrepresentation.  Plaintiffs explained that they hired an attorney with reference to this prior offer of employment who was later convicted of an immigration fraud scheme of which Plaintiffs had no knowledge or involvement.  Plaintiffs' response to the NOIDs attempted to demonstrate that neither had any knowledge of any fraudulent documentation ever being submitted to USCIS.

23. That on June 18, 2019, USCIS denied Plaintiffs' Forms I-485, concluding that Plaintiffs had failed to overcome the agency's determination of inadmissibility.

24. That Defendants' June 18, 2019 denials of Plaintiffs' Forms I-485 represents "final agency action" within the meaning of 5 U.S.C. §704.

25. That Plaintiffs have suffered a "legal wrong" within the meaning of 5 U.S.C. §702.

26. That Plaintiffs seek the aid of this Court in reviewing "final agency action" pursuant to the APA and as discussed herein.

27. That there is no other reasonable remedy at law which will result in a timely resolution of the issues described above.  Plaintiffs' cause of action arises from administrative action wrongfully denied pursuant to the APA and Plaintiffs seek judicial review of the same pursuant to 5 U.S.C. §706(2).

28. That were the agency inclined to vacate its decision, Plaintiffs invoke the aid of the Mandamus Act and the APA in compelling Defendants to adjudicate the Forms I-485 consistent with applicable statutory provisions, regulations and policy guidance.  Further, Plaintiffs would request that the agency be required to adjudicate the reopened Forms I-485 in a time

deemed "reasonable" based on the agency's initial receipt of Plaintiffs' Form I-485.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Conduct such hearings and examinations of Plaintiffs as necessary to determine that the relief requested by Plaintiffs is warranted as a matter of law;

3. Declare Defendants actions in the proceedings below as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. §706(2) ;

4. Were the agency to vacate its decision, Plaintiffs would ask the Court to issue a preliminary and permanent injunction pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1) compelling Defendants to adjudicate Plaintiffs' Forms I-485 within a reasonable period of time thereafter;

5. Were the agency to vacate its decision, Plaintiffs would ask the Court to issue a writ in the nature of mandamus, pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1), compelling Defendants to adjudicate Plaintiffs' Forms I-485 within a reasonable period of time thereafter;

6. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. §2412.

7. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/  David Stoller  /s/
David Stoller, Esquire
Attorney for Plaintiffs
4445 S. Conway Rd.
Tampa, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916
Email: david@davidstollerlaw.com
Florida Bar No. 92797

# Table of Contents

## Documents in Support of Complaint

### Jozsef Imre & Monika Imre v. Alejandro Mayorkas, Secretary, Department of Homeland Security, *et al*.

**Exhibit 1**:   Decision issued by Defendants (June 18, 2019) (MSC 17-909-49799) (Jozsef Imre)

**Exhibit 2**:   Decision issued by Defendants (June 18, 2019) (MSC 17-909-49802) (Monika Imre)